## In re RICHARD M. and Jayson M.

### No. 95–327A.

Supreme Court of Rhode Island.

March 20, 1996.

Frank P. Iacono, Jr., E. Greenwich, Anthony E. Angeli, Jr., Providence.

Paula Lynch Hardiman, Paula Rosin, Providence.

### ORDER

This matter came before this Supreme Court on March 4, 1996, pursuant to an order directing the father to appear and show cause why the issues raised by this appeal should not be summarily decided. The father appeals from an order of the Family Court terminating his parental rights in Richard and Jayson M. After hearing oral arguments and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown and the issues should be summarily decided.

On August 20, 1993, the father was tried and convicted on eight counts of first degree sexual assault. He was sentenced thereon to eight terms of life imprisonment. Four of those life sentences were to run concurrently and four were to run consecutively to the first four. His appeal from those conviction was later dismissed. *See State v. McVeigh*, 660 A.2d 269 (R.I.1995). On January 20, 1995, the father pled guilty to nine counts of second degree child molestation. The father was sentenced to six years imprisonment, four suspended and two to serve, effective as of January 20, 1993. No appeal of either sentence is currently pending. On September 12, 1989, the Department of Children, Youth and Families (DCYF) filed child neglect petitions in the Family Court in respect to Jayson and Richard, the father's minor children. On December 14, 1989, the children were committed to the care, custody and control of DCYF, after the father admitted neglecting the children. On July 22, 1994, DCYF filed involuntary termination of parental rights petitions, which were heard in the Family Court by a trial justice on April 26, 1995. Pursuant to G.L. 1956 § 15–7–7(1)(b)(i) and (ii), the trial justice granted the petitions and terminated the parental rights of both the mother and father. The father appealed that decision.

Section 15–7–7(1)(b) permits the court to terminate parental rights if "the parent is unfit by reason of conduct or conditions seriously detrimental to the child," such as:

"(i) * * * institutionalization of the parent including imprisonment, of such a duration as to render it improbable for the parent to care for the child for an extended period of time.

(ii) conduct toward any child of a cruel and abusive nature."

The father has been sentenced to eight life sentences, four concurrent and four consecutive. Clearly, that length of imprisonment satisfies subsection (i), above, since the father will *never* be available to render care for the children. Moreover, the father has been sentenced on nine counts of first degree child molestation, a crime that certainly involves conduct toward a "child of a cruel and abusive nature," as described in subsection (ii), above. Accordingly, this Court is of the opinion that the trial justice did not abuse her discretion when she terminated the father's parental rights, pursuant to § 15–7–7(1)(b).

For these reasons, the appeal of the father is denied and dismissed. The order terminating the father's parental rights is affirmed, and the papers in the case may be remanded to the Family Court.